**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| SHEILA LUCAS-BOLDEN,<br><br>        Plaintiff,<br><br>                v.<br><br>JOHN E. POTTER,<br>*Postmaster General,*<br><br>        Defendant. |

Civil Action No.  04-2074 (RBW)

**MEMORANDUM OPINION**

This matter is before the Court on defendant's motion to dismiss or,

alternatively, for summary judgment.  Having considered defendant's motion,

plaintiff's opposition, and the entire record in this case, the Court will grant

summary judgment for defendant.

I.   BACKGROUND

Plaintiff, a former employee of the United States Postal Service ("Postal

Service"), alleges that defendant discriminated against her on the basis of her

age and an unspecified physical disability.  *See* Compl.  Plaintiff first became

an employee of the Postal Service in 1973.  *See* Def.'s Mot., Ex. 8 (Notification

of Personnel Action effective February 12, 1973).[1]  Defendant's counsel

---

[1]        The abbreviation "Def.'s Mot." refers to the Memorandum of Points
and Authorities in Support of Defendant's Motion to Dismiss or, in the

represents that plaintiff held a career position of Part-time Flexible Distribution

Clerk from May 12, 1973, until she resigned on February 4, 1976.  Def.'s Mot.

at 2.

     Plaintiff applied for and was appointed to the position of Casual Clerk

with the Postal Service in December 1994.[2]  Def.'s Mot., Ex. 1 (Notice of

Personnel Action effective December 31, 1994).   She held this position until

she was appointed to a Transitional position on July 7, 1995.[3]  *Id.*, Ex. 1, 2

(Notice of Personnel Action effective November 10, 1995).    She then was

appointed to a permanent position as a Career Part-time Flexible Mail

Processor effective November 11, 1995.  *Id.*, Ex. 3 (Notification of Personnel

Action effective November 11, 1995).

     Plaintiff believes that defendant discriminated against her on the basis of

her race, color, sex, age, and disability, and in retaliation for prior EEO activity,

when he appointed her in 1994 as a casual employee rather than a career

employee.  *See* Def.'s Mot., Ex. 5 (Dismissal of Formal EEO Complaint, Agency

Case No. 1K-206-0075-99, dated September 13, 2001).  Evidently, she asserts

---

Alternative, for Summary Judgment.

    [2]     Defendant's counsel explains that a casual employee is a
temporary employee with a limited term who has no rights under the collective
bargaining agreement.  Def.'s Mot. at 2 n.3.

    [3]     Defendant's counsel explains that a transitional employee is a
temporary employee with a limited term who has rights under the collective
bargaining agreement.  Def.'s Mot. at 2 n.4.

that she should have been reinstated as a career and not a newly appointed

employee because of her prior employment with the Postal Service.  *Id.*, Ex. 4

(EEO Complaint of Discrimination in the Postal Service); *see* Compl ("I was not

reinstated as a career employee for a year.").  She contacted a Counselor on

March 23, 1999, to request pre-complaint processing.  Def.'s Mot., Ex. 9

(Request for appointment to discuss EEO complaint).  Upon notification of her

right to file a formal administrative complaint, plaintiff did so on or about

August 17, 2001.  *Id.*, Ex. 4 (EEO Complaint).  The agency dismissed plaintiff's

formal complaint because she had failed to contact a Counselor within 45 days

of the date of the alleged discriminatory act.  Def.'s Mot., Ex. 5.  The alleged

discriminatory act occurred in 1994, more than 4 years prior to plaintiff's first

contact with a Counselor.  *Id.*  There was no evidence in the record that

persuaded the agency to extend the 45-day time limit.  *Id.*

Plaintiff appealed defendant's Final Agency Determination to the Equal

Employment Opportunity Commission ("EEOC").  *See* Def.'s Mot., Ex. 6 (EEOC

Decision, Appeal No. 01A20234, dated January 11, 2002).  The EEOC

summarily affirmed the agency's decision.  *Id.*  Further, the EEOC denied

plaintiff's request for reconsideration on July 18, 2002.  *Id.*, Ex. 7 (Denial of

Request for Reconsideration, Request No. 05A20478).

In this action, plaintiff demands "all back pay, salary, and benefits owe

[sic] me plus pain, suffering & mental agony.  TO BE MADE WHOLE FOR

$500,000.00."  Compl. (emphasis in original).

## II.   DISCUSSION

### A.  Standard of Review

Because the Court considered matters outside of the pleadings that the parties presented in support of their respective positions, the Court must treat this motion as one for summary judgment.  *See* Fed. R. Civ. P. 12(b). Summary judgment must be granted if the movant shows that there are no genuine issues of material fact in dispute and the movant is entitled to judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); Fed. R. Civ. P. 56(c).  When evaluating a summary judgment motion, the Court must view the evidence in the light most favorable to the non-moving party, and draw all reasonable inferences in his favor.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S.  242,  255 (1986).  The party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial."  *Id.* at 248; *see also Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner*, 101 F.3d 145, 150 (D.C. Cir. 1996).

### B.  Plaintiff Failed to Exhaust Her Administrative Remedies.

Procedures for handling complaints of discrimination brought by federal government employees under Title VII of the Civil Rights Act of 1964, 42 U.S.C.

4

§ 2000e *et seq.*, and under the Age Discrimination in Employment Act, 29

U.S.C. § 621 *et seq.*, are found in 29 C.F.R. Part 1614 (Federal Sector Equal

Employment Opportunity).  *See* 29 C.F.R. § 1614.103.  Before a complainant

may file a formal discrimination complaint, she first must consult a Counselor

to try to resolve the matter informally.  29 C.F.R. § 1614.105(a).  Contact with a

Counselor must be made within 45 days of the alleged discriminatory act or, in

the case of a personnel action, within 45 days of its effective date.  29 C.F.R. §

1614.105(a)(1).  If the matter is not resolved informally, the complainant may

file a formal complaint with the agency.  *See* 29 C.F.R. § 1614.106.  The agency

must investigate the matter within 180 days of its filing.  29 C.F.R. §

1614.106(d).  At the conclusion of the investigation, the complainant has the

right either to request a hearing and decision from an administrative law judge,

or to request an immediate final decision from the agency.  29 C.F.R. §

1614.106(f).  Then, a complainant either may appeal a final agency decision to

the Equal Employment Opportunity Commission ("EEOC"), or may file a civil

action in federal district court.  42 U.S.C. § 2000e-16(c); 29 C.F.R. § 1614.408.

If a complainant files a civil action, she must do so within 90 days after receipt

of a right-to-sue letter from the EEOC, or after receipt of a notice of final action

taken by the EEOC on appeal of an agency decision.  *See* 42 U.S.C. § 2000e-

16(c); *see Hogue v. Roach*, 967 F.Supp. 7, 8 (D.D.C. 1997).

The discriminatory action about which plaintiff complains occurred in

November 1994, when defendant appointed her to a casual position rather than reinstating her as a career employee.  *See* Compl.  Plaintiff's first contact with a Counselor occurred in March 1999, more than four years after plaintiff's appointment.

The 45-day time limit is not a "jurisdictional bar[ ] to bringing suit," however.  *Bowden v. United States*, 106 F.3d 433, 437 (D.C. Cir. 1997); *Jarrell v. United States Postal Service*, 753 F.2d 1088, 1091 (D.C. Cir. 1985); *Bowie v. Ashcroft*, 283 F.Supp.2d 25, 33 (D.D.C. 2003) (citing *Bayer v. Dep't of Treasury*, 956 F.2d 330, 332-33 (D.C. Cir. 1992)).  Rather, it "function[s] like [a] statute [ ] of limitations" and is therefore "subject to equitable tolling, estoppel, and waiver."  *Bowden v. United States*, 106 F.3d at 437.  Plaintiff offers no basis whatsoever for the application of these equitable principles to extend the time within which she should have contacted a Counselor.

Having reviewed plaintiff's opposition to defendant's motion, it appears that plaintiff pursued discrimination complaints pertaining to her 1994 appointment on at least four other occasions.  *See* Pl.'s 2d Opp.,[4] Ex. 5 (formal EEO complaint dated August 24, 1998, alleging discrimination in 1993 based on race, color, religion, national origin, and age when plaintiff was "denied

---

[4]     The Court construes two documents, each docketed as a "Notice of Filing," as plaintiff's opposition to defendant's dispositive motion.  *See* Dkt. #12, 14.  The latter document [Dkt. #14] apparently consists of exhibits to which the former [Dkt. #12] refers.  In order to distinguish the documents, the Court refers to the former as "Pl.'s 1st Opp," and the latter as "Pl.'s 2d Opp."

reinstatement rights"), Ex. 8 (routing slip dated July 14, 1998 regarding EEO inquiry into complaint of age discrimination when plaintiff was "not reinstated until November 11, 1995"); Ex. (unnumbered) (Information for Precomplaint Counseling form regarding complaint of reprisal based on color, sex, and national origin because plaintiff was "not hired back as a career but a casual employee" in November 1994), Ex. 11 (March 23, 1999 request for appointment with EEO counselor to discuss discrimination complaint on bases of color, sex, and national origin when plaintiff was "not hired back as a casual").  To the extent that plaintiff argues that these later complaints show her timely contact with a Counselor, the argument fails.  None of these later complaints are relevant to the issue at hand, *i.e.*, the timeliness of her contact with a Counselor when she knew or should have known of her casual employee status.  That is, none of plaintiff's subsequent contacts with or attempts to contact a Counselor were filed within 45 days of her appointment as a casual employee in November 1994.

### C. Plaintiff Failed to File this Civil Action Timely.

Even if plaintiff had contacted a Counselor within the 45-day time limit, she failed to file the instant civil action timely.  It is presumed that the right-to-sue letter or other notice of the EEOC's final action was mailed on the same date of its issuance.  *See Anderson v. Local 201 Reinforcing Rodmen*, 886 F.Supp. 94, 97 (D.D.C. 1995).  If the date on which the plaintiff received the

7

notice is not known, it is presumed that it was received three days after it was mailed. *See Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 148 n.1 (1984) (applying Fed. R. Civ. P. 6(e) to Title VII cases). The 90-day limitations period for filing a civil action is subject to waiver, estoppel, and equitable tolling. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982). The court's equitable power to toll the statute of limitations will be exercised only in extraordinary and carefully circumscribed instances." *Mondy v. Secretary of the Army*, 845 F.2d 1051, 1057 (D.C. Cir. 1988). "[I]n the absence of some equitable tolling, a civil suit filed even one day late is barred and may be dismissed." *Burgh v. Borough Council of Borough of Montrose*, 251 F.3d 465, 470 (3d Cir. 2001).

The defendant has the burden of proving that an action is untimely and, once the defendant satisfies that burden, the burden shifts to the plaintiff to argue that equitable principles justify avoidance of the defense. *See Bowden v. United States*, 106 F.3d at 437. The record shows that the EEOC affirmed the agency's decision on January 11, 2002, and denied plaintiff's request for reconsideration on July 18, 2002. Def.'s Mot.,  Ex. 6 (EEOC Decision, Appeal No. 01A20234) & 7 (Denial of Request for Reconsideration, Request No. 05A20478). Further, review of the Court's records shows that plaintiff did not submit her *pro se* complaint and application to proceed *in forma pauperis* to the

Clerk of Court until September 30, 2004, more than two years later.[5]

Plaintiff states only that she did not receive a copy of the July 18, 2002 decision denying her request for reconsideration.  *See* Pl.'s 1st Opp. at 4 (page number supplied).  This assertion alone does not satisfy her burden.  She offers neither an explanation nor evidence of any kind to rebut the presumption that she received the decision three days after it was mailed.  Thus, plaintiff has not established the existence of a genuine issue of material fact as to the date on which she received the July 18, 2002 decision.  Given what defendant has established, and plaintiff's failure to articulate an equitable basis for tolling the 90-day filing period, the Court concludes that the filing of this civil action is untimely.  *See Griffin v. Acacia Life Ins. Co.*, 151 F.Supp.2d 78, 81 (D.D.C. 2001) (Title VII claims deemed untimely due to plaintiff's failure to provide sufficient evidence rebutting presumption of receipt of right-to-sue notice three days after it was mailed).

---

[5]     The date stamp on the reverse side of plaintiff's original complaint and *in forma pauperis* application, both maintained in the official court file, indicates that the papers were received on September 30, 2004.  The papers did not appear on the court's Electronic Case Filing (ECF) docket until November 30, 2004.  *See* Dkt. #1-2.

III.   CONCLUSION

The Court concludes that plaintiff both failed to  timely contact a

counselor, and failed to  timely file her civil action in this Court.  Accordingly,

the Court will grant defendant's motion to dismiss.  An Order consistent with

this Memorandum Opinion will be issued separately on this same date.


Date: September 28, 2005            _____/s/_____
                                   REGGIE B. WALTON
                                   United States District Judge